FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2012 AUG 20 AM 10: 48
CLERK R Cur
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JAMES KURTZ,  )
　　)
　Petitioner,  )
　　)
v.  )   CIVIL ACTION NO.: CV512-038
　　)
DANNIE THOMPSON, Warden,  )
　　)
　Respondent.  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Kurtz ("Kurtz") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in the Superior Court of Ware County. Respondent filed an Answer-Response, and Kurtz filed a Reply. For the reasons which follow, Kurtz's petition should be **DENIED**.

## STATEMENT OF THE CASE

After a jury trial, Kurtz was convicted of one count of child molestation, two counts of sexual assault against a person in custody, one count of aggravated child molestation, one count of statutory rape, and one count of cruelty to children. (Doc. No. 12-6, pp. 82–87). Kurtz moved for a new trial alleging ineffective assistance of trial counsel, and the trial court denied his motion. (Doc. No. 12-6, p. 132). Kurtz appealed his convictions and the denial of his motion for new trial again arguing that his trial

counsel provided ineffective assistance. (Doc. No. 12-1). The Georgia Court of Appeals affirmed. (Id.).

Kurtz filed a petition for writ of habeas corpus in the Superior Court of Calhoun County. (Doc. No. 12-2). In that petition Kurtz alleged that his appellate counsel provided ineffective assistance. (Id.). The state habeas court denied Kurtz's requested relief. (Doc. No. 12-3). The Georgia Supreme Court denied Kurtz's application for a certificate of probable cause to appeal the denial of his state habeas corpus petition. (Doc. No. 12-5).

In the instant petition, Kurtz contends that his appellate counsel was ineffective for failing to raise on appeal certain claims of ineffective assistance of trial counsel. Kurtz also contends that his trial counsel was ineffective.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, which governs this case, sets forth the deference to be afforded to a state court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In reviewing a petitioner's habeas claim under § 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the state court adjudicated the petitioner's claim. Williams v.
2

Taylor, 529 U.S. 362, 391 (2000). After determining the clearly established law, the reviewing court should next determine whether the state court's adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413 (O'Connor, J., concurring). A state court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable. Id. at 409 (O'Connor, J., concurring).

## DISCUSSION AND CITATION TO AUTHORITY

### I. Ineffective assistance of counsel standard

Strickland v. Washington, 466 U.S. 668 (1984), is the governing Supreme Court precedent employed to analyze ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Id. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further,

"the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313 (internal punctuation and citations omitted). Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689–90).

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693.

Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by a client. Jones v. Barnes, 463 U.S. 745 (1983). The "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotation marks and citation omitted).

## II. Ineffective assistance of appellate counsel

Kurtz asserts that his appellate counsel was ineffective for two reasons. First, Kurtz alleges that appellate counsel was "ineffective in failing to raise trial counsel's ineffective assistance of counsel for failing to object when the trial court impermissibly

4

based its sentence on aggravating information that [Kurtz] was not notified of prior to sentencing, and that was not present in the record or based on the facts of this case in violation of [Kurtz's] Fifth and Sixth and Fourteenth Amendment rights under the United States Constitution." (Doc. No. 8, p. 6). Second, Kurtz alleges that appellate counsel was "ineffective in failing to raise trial counsel's ineffective performance in failing to present character witnesses at trial." (Doc. No. 8, p. 14). Respondent contends that the decision of the state habeas corpus court, which was that these alleged enumerations of error by appellate counsel lacked merit, should be given deference.[1]

The state habeas corpus court applied <u>Strickland</u> to the errors allegedly committed by appellate counsel and determined that Kurtz failed to meet the <u>Strickland</u> standard to show that his appellate counsel was ineffective. (Doc. No. 12-3, pp. 5–12). In so doing, with regard to the first alleged enumeration of error, the court stated that Kurtz's sentence is within the legal range of possible sentences for his convictions, resulting in a lack of prejudice to Kurtz, even if appellate counsel had erred, because Kurtz did not show that there is a reasonable probability that had appellate counsel raised this issue on appeal the outcome of the appeal would have been different. Kurtz argues that the state habeas court "failed to fully examine this issue in the context of the

---

[1] It should be noted that the first alleged enumeration of error by appellate counsel was not, in fact, presented to the state habeas court. Instead, in his state habeas petition, Kurtz alleged that appellate counsel was ineffective for not raising on appeal that the trial court erred in basing Kurtz's sentence on information not present in the record or based on facts of the case. (Doc. Nos. 12-2 and 12-3). Because Kurtz did not give the state courts an opportunity to act on his first argument supporting his ineffective assistance of appellate counsel claim, this Court is barred from reviewing the merits of that argument. <u>See</u> 28 U.S.C. § 2254(b)(1); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999). However, Respondent did not contest exhaustion of state court remedies. Additionally, the state habeas court did address whether appellate counsel was ineffective for not raising on appeal that the trial court erred in basing Kurtz's sentence on information not present in the record or based on facts of the case. Because that issue is substantially similar to whether appellate counsel was ineffective for not raising on appeal that trial counsel was ineffective for failing to object when the trial court erred in basing Kurtz's sentence on information not present in the record or based on facts of the case, the Court will treat the issues as if they are the same.

5

required notice for aggravating evidence at sentencing." (Doc. No. 8, p. 12). However, Kurtz does not identify any clearly established federal law contrary to the state habeas corpus court's decision.

With regard to the second alleged enumeration of error, the court determined that appellate counsel's decision to not raise on appeal trial counsel's ineffective performance in failing to present character witnesses at trial was reasonable. Kurtz does not identify any clearly established federal law contrary to the state habeas corpus court's decision. Kurtz seems to argue that the court's decision was based on an unreasonable determination of the facts stating that the court "erroneously relied on appellate counsel's shaky reason for failing to raise this issue on appeal." (Doc. No. 8, p. 20). The state habeas corpus court discussed appellate counsel's stated reason for not raising trial counsel's failure to present character witnesses at trial: appellate counsel believed Kurtz's ex-wife had potentially damaging character testimony, believed that trial counsel knew of the same potentially damaging testimony, and believed that trial counsel reasonably did not present character witnesses in an effort to prevent the state from rebutting with the ex-wife's potentially damaging testimony. (Doc. No. 12-3, pp. 8–9). Kurtz argues that his ex-wife's testimony at the state habeas hearing clarified that she had no damaging character testimony to provide. (Doc. No. 8, p. 20). Kurtz also argues that appellate counsel never followed up on his belief that Kurtz's ex-wife had potentially damaging character testimony. (Doc. No. 8, p. 20). Appellate counsel's reasoning might have been "shaky" following the revelations at the state habeas hearing. However, counsel's conduct is judged from his perspective at the time of his decisions. Strickland, 466 U.S. at 689. The state habeas court determined, after

6

sufficiently reviewing the hearing transcript, that appellate counsel's testimony regarding his choice of issues to appeal was credible and that his decision was reasonable. (Doc. No. 12-3, p. 11).

The state habeas corpus court's adjudication on Kurtz's ineffective assistance of appellate counsel claims was not contrary to nor an unreasonable application of clearly established federal law. Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence presented.

### III. Ineffective assistance of trial counsel

Kurtz asserts that his trial counsel was "ineffective in failing to impeach the alleged victim with her prior conviction for a crime of moral turpitude." (Doc. No. 8, p. 23). Respondent contends that the decision of the Georgia Court of Appeals, which was that this alleged enumeration of error by trial counsel lacked merit, should be given deference.

The Georgia Court of Appeals applied Strickland to the error allegedly committed by trial counsel and determined that Kurtz failed to meet the Strickland standard to show that his trial counsel was ineffective. (Doc. No. 12-1, pp. 3–5). The court determined that "in light of the fact that other evidence of [the victim's] alleged bad character was admitted . . . Kurtz has not met his burden of showing that but for his counsel's alleged error in failing to introduce [the victim's] adjudication of delinquency, there is a reasonable probability that the outcome of his trial would have been different," resulting in a lack of prejudice to Kurtz, even if trial counsel had erred. (Doc. No. 12-1, p. 5). Kurtz argues that the Georgia Court of Appeals' decision is contrary to the holding in Davis v. Alaska, 415 U.S. 308 (1974).

In Davis, the prosecution's key witness in a burglary trial, Richard Green, was a minor "on probation by order of a juvenile court after having been adjudicated a delinquent for burglarizing two cabins." Davis, 415 U.S. at 311. The prosecution moved for a protective order to prevent any reference to Green's juvenile record. Defense counsel objected arguing that "Green's record would be revealed only as necessary to probe Green for bias and prejudice and not generally to call Green's good character into question." Id. The trial court granted the motion for protective order. The Supreme Court of the United States held that Green's juvenile conviction should have been admissible stating that "defense counsel should have been permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." Id. at 318.

In Davis, the Court noted that because "defense counsel was prohibited from making inquiry as to the witness' being on probation under a juvenile court adjudication, Green's protestations of unconcern over possible police suspicion that he might have had a part in the [ ] burglary and his categorical denial of ever having been the subject of any similar law-enforcement interrogation went unchallenged." Id. at 313–14. In Kurtz's criminal trial, the victim-witness' credibility did not go unchallenged. As the Georgia Court of Appeals discussed, her credibility and character were challenged by evidence other than her juvenile conviction. The Davis Court also considered that without the evidence of Green's juvenile conviction the defense could not adequately advance its theory of Green's possible bias and prejudice, based on Green's vulnerable status as a probationer and possible fear of being a suspect, which could cause him to make a faulty identification of the defendant. Id. at 317–18. Conversely, in Kurtz's

AO 72A
(Rev. 8/82)

criminal trial, the victim-witness' juvenile conviction was not in any way related to her testimony against Kurtz and would not have caused a bias against him.

Moreover, the Davis Court held only that the witness' juvenile conviction was admissible. The Court did not hold that, or even discuss whether, had defense counsel chosen to not introduce the juvenile record defense counsel would have provided ineffective assistance. The Georgia Court of Appeals' adjudication on Kurtz's ineffective assistance of trial counsel claim was not contrary to nor an unreasonable application of clearly established federal law. Additionally, the decision was not based on an unreasonable determination of the facts in light of the evidence presented.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Kurtz's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 20th day of August, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)