IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. ___ COURT
2012 SEP 12 AM 10: 09
CLERK _____
S. DIST. OF GA.

| | | |
|---|---|---|
| JAMES KURTZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: CV512-038 |
| | ) | |
| DANNIE THOMPSON, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner James Kurtz ("Kurtz") filed Objections to the Magistrate Judge's Report dated August 20, 2012, which recommended that Kurtz's 28 U.S.C. § 2254 petition be denied. After an independent and de novo review of the record, the undersigned agrees, in part, with the Magistrate Judge's Report and Recommendation.

**I. Ineffective assistance of appellate counsel**

The Magistrate Judge determined that the Georgia habeas corpus court's adjudication on Kurtz's claims of ineffective assistance of appellate counsel, which was that the claims lacked merit, should be given deference. (Doc. No. 13, pp. 4–7).

**A. First enumeration of error**

Kurtz's first enumeration of error by appellate counsel is that appellate counsel was "ineffective in failing to raise trial counsel's ineffective assistance of counsel for failing to object when the trial court impermissibly based its sentence on aggravating information that [Kurtz] was not notified of prior to sentencing, and that was not present in the record or based on the facts of this case in violation of [Kurtz's] Fifth and Sixth

and Fourteenth Amendment rights under the United States Constitution." (Doc. No. 8, p. 6). The state habeas court applied Strickland v. Washington, 466 U.S. 668 (1984), the appropriate legal standard, to this enumeration of error and determined that "Kurtz's sentence is within the legal range of possible sentences for his convictions, resulting in a lack of prejudice to Kurtz, even if appellate counsel had erred, because Kurtz did not show that there is a reasonable probability that had appellate counsel raised this issue on appeal the outcome of the appeal would have been different." (Doc. No. 13, p. 5). The Magistrate Judge determined that the decision by the state habeas court should be afforded deference.

Kurtz argues, in his Objections, that the Magistrate Judge erred because United States v. Castellanos, 904 F.2d 1490, 1495 (11th Cir. 1990), explains that "due process in sentencing demands that relevant conduct considered by a court in any given case be supported by an 'evidentiary basis beyond mere allegation'" and that "[a] defendant must be given an opportunity to rebut factors that might enhance a sentence." (Doc. No. 15, pp. 2–3) (quoting Castellanos, 904 F.2d at 1495). Kurtz correctly points out that the Magistrate Judge did not discuss his arguments based on Castellanos. However, the Magistrate Judge did not need to discuss Castellanos to arrive at his recommendation. Kurtz's Castellanos argument is relevant to the first prong of the Strickland ineffective assistance of counsel test, which is whether counsel's performance was deficient. See Strickland, 466 U.S. at 687. The state habeas court based its decision on the second prong of the Strickland test, which is whether counsel's deficient performance prejudiced the defendant. See id. Again, the state habeas court determined that "Kurtz's sentence is within the legal range of possible

2

sentences for his convictions, resulting in a lack of prejudice to Kurtz, even if appellate counsel had erred, because Kurtz did not show that there is a reasonable probability that had appellate counsel raised this issue on appeal the outcome of the appeal would have been different." (Doc. No. 13, p. 5); (see also Doc. No. 12-3, pp. 5–12). Because the state habeas court found that Kurtz did not meet the second prong of the Strickland test, a determination of the first prong, based on Castellanos, was unnecessary. The Magistrate Judge determined that the Georgia habeas court's decision was not contrary to any clearly established federal law,[1] and Kurtz has not shown otherwise. As a result, the Magistrate Judge correctly deferred to the Georgia habeas corpus court's decision. This portion of Kurtz's Objections is **overruled**.

## B. Second enumeration of error

Kurtz's second enumeration of error by appellate counsel is that appellate counsel was "ineffective in failing to raise trial counsel's ineffective performance in failing to present character witnesses at trial." (Doc. No. 8, p. 6). The state habeas court applied Strickland, 466 U.S. 668, the appropriate legal standard, to this enumeration of error and determined that "appellate counsel's decision to not raise on appeal trial counsel's ineffective performance in failing to present character witnesses at trial was reasonable." (Doc. No. 13, p. 6). The state habeas court found appellate counsel's decision to be reasonable because appellate counsel testified that he believed that trial counsel knew of potentially damaging character evidence and that trial

---

[1] Kurtz's argument in favor of overturning the state habeas court's decision was that the state habeas court "failed to fully examine this issue in the context of the required notice for aggravating evidence at sentencing." (Doc. No. 8, p. 12). The undersigned agrees with the Magistrate Judge's implicit determination that Kurtz's only argument was that the state habeas court's decision was contrary to clearly established federal law. Therefore, the Magistrate Judge did not err by not discussing whether the state habeas court's decision was an unreasonable application of clearly established federal law or whether the state habeas court's decision was based on an unreasonable determination of the facts.

3

counsel reasonably chose to not present character evidence for fear of rebuttal. (Doc. No. 12-3, pp. 8, 11). The Magistrate Judge determined that the decision by the state habeas court should be afforded deference.

Kurtz argues, in his Objections, that the Magistrate Judge erred by relying "on the [state] habeas court's finding that appellate counsel believed that trial counsel knew of potentially damaging evidence and appellate counsel believed that trial counsel did not present character witnesses to avoid the State rebutting with testimony from [Kurtz's] ex-wife." (Doc. No. 15, p. 4). Essentially, Kurtz argues that the Magistrate Judge should have determined that the Georgia habeas court's decision was based on an unreasonable determination of the facts.

Kurtz's appellate counsel testified, at his deposition for the state habeas case, that he did not raise, on appeal, trial counsel's failure to present character witnesses because he believed that trial counsel knew about the existence of potentially damaging character evidence and that trial counsel, therefore, reasonably attempted to keep Kurtz's character as a non-issue. (Doc. No. 12-13, pp. 42–47). But, as Kurtz points out, trial counsel testified, at the hearing on Kurtz's motion for new trial, that he thought he had adequately raised the issue of Kurtz's good character by eliciting testimony from Kurtz that he was a school teacher. (Doc. No. 12-12, p. 31). If trial counsel intended to raise the issue of Kurtz's character via Kurtz's testimony, then surely trial counsel did not decide to not call character witnesses in order to keep Kurtz's character a non-issue. Appellate counsel's reasoning for his failure is belied by trial counsel's testimony. The decision of the state habeas court is, therefore, "based on an unreasonable

AO 72A
(Rev. 8/82)

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). This portion of Kurtz's Objections is **sustained**.

When a state court's decision is based on an unreasonable determination of the facts, that decision is owed no deference. Green v. Nelson, 595 F.3d 1245, 1251 (11th Cir. 2010). Instead, this Court must review Kurtz's ineffective assistance claim de novo. Id.

As previously mentioned, Strickland, 466 U.S. 668, is the governing Supreme Court precedent employed to analyze ineffective assistance of counsel claims. To obtain relief under Strickland, a petitioner "must show (1) counsel's performance was deficient and (2) that deficiency prejudiced him." Id. at 687. Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, "the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313 (internal punctuation and citations omitted). Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689–90).

To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in

AO 72A
(Rcv. 8/82)

the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693.

Assuming, without deciding, that appellate counsel's failure to raise trial counsel's ineffective performance in failing to present character witnesses at trial constitutes deficient performance by appellate counsel, Kurtz's ineffective assistance claim still fails. Kurtz has not shown that there is a reasonable probability that had appellate counsel raised this issue on appeal the outcome of the appeal would have been different. Consequently, because Kurtz has not met his burden of establishing prejudice, this portion of Kurtz's § 2254 petition is **DENIED**.

## II. Ineffective assistance of trial counsel

The Magistrate Judge determined that the Georgia Court of Appeals' adjudication on Kurtz's claim of ineffective assistance of trial counsel, which was that the claim lacked merit, should be given deference. (Doc. No. 13, pp. 7–9). Kurtz asserts that trial counsel was "ineffective in failing to impeach the alleged victim with her prior conviction for a crime of moral turpitude." (Doc. No. 8, p. 23). The Georgia Court of Appeals applied Strickland, 466 U.S. 668, the appropriate legal standard, to this enumeration of error and determined that "'Kurtz has not met his burden of showing that but for his counsel's alleged error . . . there is a reasonable probability that the outcome of his trial would have been different,' resulting in a lack of prejudice to Kurtz, even if trial counsel had erred." (Doc. No. 13, p. 7 (quoting Doc. No. 12-1, p. 5)). The Magistrate Judge determined that this decision should be afforded deference.

AO 72A
(Rev. 8/82)

Kurtz argues, in his Objections, that the Magistrate Judge erred because his analysis of Davis v. Alaska, 415 U.S. 308 (1974), is incorrect. However, Kurtz does not offer any reason why the Davis analysis was incorrect. Kurtz quotes a portion of Davis wherein the Court stated that the relevant impeachment evidence kept from the jury resulted in a constitutional error so serious that "no amount of showing of want of prejudice would cure it." Davis, 415 U.S. at 318 (citation omitted). Perhaps Kurtz intended to argue that trial counsel's failure to impeach the alleged victim with her prior conviction for a crime of moral turpitude was also a constitutional error so serious that no amount of showing of want of prejudice could cure it. But the Magistrate Judge effectively distinguished the impeachment evidence at issue in Davis and the impeachment evidence at issue in the instant case. The Magistrate Judge determined that the Georgia Court of Appeals' decision was not contrary to any clearly established federal law,[2] and Kurtz has not shown otherwise. As a result, the Magistrate Judge correctly deferred to the Georgia Court of Appeals' decision. This portion of Kurtz's Objections is **overruled**.

---

[2] Kurtz's argument in favor of overturning the Georgia Court of Appeals' decision was that the decision was contrary to the holding in Davis. (Doc. No. 8, p. 24). The undersigned agrees with the Magistrate Judge's implicit determination that Kurtz's only argument was that the Georgia Court of Appeals' decision was contrary to clearly established federal law. Therefore, the Magistrate Judge did not err by not discussing whether the state habeas court's decision was an unreasonable application of clearly established federal law or whether the state habeas court's decision was based on an unreasonable determination of the facts.

7

AO 72A
(Rev. 8/82)

## III. Conclusion

The Report and Recommendation of the Magistrate Judge is adopted, in part, as explained above. The Magistrate Judge's Report, as accepted and supplemented by this Order, is adopted at the opinion of the Court. Kurtz's 28 U.S.C. § 2254 petition is **DENIED**. The Clerk is authorized and directed to enter the appropriate Judgment of dismissal.

**SO ORDERED**, this 11 day of September, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)